DAVID M. DUDLEY, ESQ.
3415 South Sepulveda Blvd.
Suite 1100
Los Angeles, California 90034

Attorney for Defendant FAYNE

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 17-CR-1075-DGC |
| Plaintiff, | |
| vs. | DEFENDANT FAYNE'S SENTENCING MEMORANDUM |
| ARTHUR FAYNE, JR., | |
| Defendant. | |

I.

INTRODUCTION

Defendant Payne has pleaded guilty to one count of conspiring to distribute, and possess with the intent to distribute, marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1), 21 U.S.C. § 841(b)(1)(D), and one count of conspiring to launder money in violation of 18 U.S.C. § 1956(h). The Presentence Report ("PSR"), without objection from either party, has calculated the

1

defendant's advisory sentencing guideline range as 27 to 33 months. Both the United States Probation Office and the government are recommending a sentence at the low end of that range, 27 months.

By way of this memorandum, the defense is suggesting that the Court effect a downward sentencing variance of several offense levels, the extent of such variance left to the Court's good judgment, for several reasons as enunciated in the next section. Further, the defense requests that the ultimate punishment for Mr. Fayne be split between actual incarceration and either in-house treatment for mental health and substance-abuse issues, or home confinement for the defendant on the condition that he participate in such treatment on an intensive out-patient basis.

II.

FACTORS IN SUPPORT OF A DOWNWARD VARIANCE

There are at least five factors in this case which support a mitigated sentence well below the applicable advisory guideline range. First, as reflected in paragraphs 58 and 59 of the PSR, Defendant Fayne has been suffering from depression for the last ten years. As an officer of the Court, defense counsel would submit that his client's general effect is quite strange and his behavior seems generally odd and self-defeating. Unfortunately, the defendant chose not

to submit to a forensic psychiatric evaluation or to present treatment records in support of his sentencing position. (He also strangely chose not to submit any letters of support from friends or family.). The defense believes that the defendant's mental illness contributed to the poor judgment he displayed in choosing to become involved in the offenses of conviction.

Second, as indicated in paragraphs 60 through 62 of the PSR, the defendant has a long history of alcoholism and drug abuse. From the information provided in PSR paragraph 61, it appears that Fayne was addicted to OxyContin over the duration of the charged conspiracies. That addiction, in combination with his documented depression, surely further adversely influenced his decision to engage in the offense conduct.

Third, Defendant Fayne's criminal behavior was extremely aberrant in light of his entire personal history. Given that he was raised in an unfavorable family environment, PSR paragraph 52, and given that he grew up partly in the inner city of Cleveland, Ohio as a young African-American man, it is absolutely extraordinary that in his 36 years of life, the defendant had never once been arrested for even the most minor of crimes before the present prosecution. PSR 46-50. Fayne's participation in the present crimes is so far outside his normal character that it not only substantiates the suggestion that depression, drug

addiction, and alcohol abuse led to his decision to engage in the charged conduct, but also provides an independent ground for a downward variance.

Fourth, according to what a United States Pretrial Officer told undersigned counsel at the time of the defendant's guilty plea, Fayne has performed very well under supervision while released on bond. Thus, to the extent that this Court's ultimate sentence relies on treatment outside of custody as opposed to straight incarceration, it can have some assurance that the defendant will comply with all the non-custodial aspects of that sentence.

Fifth, although the defendant may not technically qualify for a significant offense-level reduction under this district's fast-track program, he did plead guilty very early in this case without filing any pre-trial motions or compelling the government to engage in any trial preparation. Fayne's early agreement to plead guilty merits some consideration of its own in the determination of his punishment.

### III.

### CONCLUSION

For all of these five reasons, this Court should allow Defendant Fayne a significant downward offense-level variance in this matter. The defense would

4

1 defer to the Court's judgment as to how extensive that variance should be.

2      Whatever the Court may decide in terms of the punishment time the
3 defendant deserves, the defense would request that it split that time some way
4
5 between actual incarceration and either residential mental health and substance-
6 abuse treatment or out-patient treatment as a condition of home confinement.
7
8
9 DATED: February 27, 2019      ___s/David M. Dudley___
     DAVID M. DUDLEY
10      Attorney for Defendant
11      ARTHUR FAYNE JR.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE

I, Margarita J. Mejia, reside in the County of Riverside, State of California, over the age of eighteen and I am not a party to this case. On February 27, 2019, I served a copy of DEFENDANT FAYNE'S SENTENCING MEMORANDUM, on the following individual via email:

Abbie Broughton Marsh: Abbie.Broughton.Marsh@usdoj.gov

I declare under penalty of perjury under the law of the State of California that the above statement is true and accurate. Executed in Riverside County, California on February 27, 2019.

Margarita J. Mejia