*LAW OFFICES OF MICHAEL J. BRESNEHAN, P.C.*
Michael J. Bresnehan, Esquire
1761 E. McNair Drive, Ste. 101
Tempe, Arizona 85283-5002
(480) 345-7032
State Bar No.: 009415
mbresnehan@hotmail.com
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | |
| Plaintiff, | No: 2:17-cr-01075-DGC-2 |
| vs. | DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) (COMPASSIONATE RELEASE) |
| Arthur DeAngelo Fayne, | |
| Defendant. | |

COMES NOW the defendant, Arthur DeAngelo Fayne, by and through the undersigned attorney, and hereby replies to the government's response to his 18 U.S.C. § 3582(c)(1)(A)(i), motion for compassionate release, all for the reasons set forth in the accompanying memorandum of points and authorities.

RESPECTFULLY SUBMITTED this 5th day of October, 2020, by

*MICHAEL J. BRESNEHAN, P.C.*

s/ Michael J. Bresnehan
Attorney for Defendant

1

MEMORANDUM OF POINTS AND AUTHORITIES

In its response, the government does not dispute that Mr. Fayne has exhausted his administrative remedies under 18 U.S.C. § 3582(c), and therefore may seek relief directly from this Court. Rather, the government disputes Mr. Fayne's assertion he suffers from asthma. Moreover, the government questions whether asthma is a risk factor for severe illness from COVID-19.

The government argues that Mr. Fayne's medical condition does not constitute an "extraordinary and compelling" reason for the Court granting Mr. Fayne's request for the very slight reduction in the time defendant would otherwise serve in custody on his 21-month sentence. The government further argues that releasing the defendant one month or so early would somehow create an unreasonable risk of danger to the public.

In support of its claim that Mr. Fayne's asthma in the face of the COVID-19 pandemic does not warrant the modest relief requested, the government asserts that the Bureau of Prisons ("BOP") has taken a number of steps to ameliorate the spread of the virus within the prison system, thereby implying that the risk of infection is negligible. However, while the numbers of inmates infected with COVID-19 within the federal prison system may be trending down, the situation is dynamic and unpredictable due to the established fact that many people contract and carry the virus with no discernible symptoms, allowing for the undetected importation of the virus into the BOP system by staff and new inmates.

As of October 2, 2020, there are 1,565 federal inmates and 726 BOP staff who have confirmed positive test results for COVID-19 nationwide. Currently, 13,452 inmates and 1,164 staff have recovered. There have been 124 federal inmate deaths and two BOP staff member deaths attributed to COVID-19. See www.bop.gov/coronavirus.

COVID-19 has penetrated FSL Elkton in Lisbon, Ohio, where Mr. Fayne resides, as chronicled in his July 2, 2020 *pro se* compassionate release motion. FSL Elkton (Camp), the sister facility to FCI Elkton, houses about 600 inmates. Since the beginning of the pandemic, FCI Elkton has had 861 inmates test positive for COVID-19, which, presumably, includes the Camp. FCI Elkton and FSL Elkton, together, house about 1900 inmates.

The CDC recognizes the difficulty of preventing the introduction of COVID-19 into prison facilities:

> There are many opportunities for COVID-19 to be introduced into a correctional or detention facility, including daily staff ingress and egress; transfer of incarcerated/detained persons between facilities and systems, to court appearances, and to outside medical visits; and visits from family, legal representatives, and other community members. Some settings, particularly jails and detention centers, have high turnover, admitting new entrants daily who may have been exposed to COVID-19 in the surrounding community or other regions.

Centers for Disease Control and Prevention (CDC), *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities* (Mar. 24, 2020), https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html.

The government cites a number of cases where the courts have denied COVID-19-related requests for relief based on asthma. Mr. Fayne has cited cases where relief

was granted.  The only definitive take-away from those cases is that given the right constellation of facts, relief can and should be granted.

The government suggests that asthma is not the risk factor it was earlier thought to be, citing an article where the AARP has downgraded asthma as a risk factor. However, the CDC still maintains that moderate to severe asthma may create a risk of severe illness from COVID-19.  cdc.gov/coronavirus/2019/need-extra-precautions/asthma.html.  In fact, the CDC details steps asthma sufferers should take to lower that risk. *Id*.

The government argues that Mr. Fayne has failed to establish that he currently suffers from asthma.  However, Exhibit 2 to Mr. Fayne's amended motion establishes an ongoing (including recent) history of asthma.

Finally, the government argues that the 18 U.S.C. § 3553 factors weigh against early release, citing his below-Guidelines prison sentence, and a history of substance abuse, as reasons.  To this, Mr. Fayne responds that after taking everything into account, the sentencing Judge arrived at a sentence that he believed was sufficient, but not greater than was necessary, to adequately address the § 3553(a) factors.  What the Judge did not factor into his sentencing decision was the considerable hardship to BOP inmates, including Mr. Fayne, COVID-19 has caused.  In response to the pandemic, the BOP instituted lockdowns, rolling quarantines, reduced visitation, reduced recreation and reduced programming.  Additionally, for the past eight months, Mr. Fayne has had to live with the chronic fear of possibly dying in prison from the virus. At least one court has noted that being incarcerated during this outbreak has

"sufficiently increased the severity of the sentence beyond what was originally anticipated." *United States v. Mel*, No. TDG-18-0571, 2020 WL 2041671, at *3. Mr. Fayne has already served well over 50% of his prison sentence, and is currently eligible for early release to a residential reentry center on October 13, 2020, and to house arrest on February 8, 2021. His current custody end date is April 11, 2021. Placing Mr. Fayne on house arrest or supervised release now, would not significantly shorten his term of incarceration, and would be a measured response to the COVID-19-related hardships he has experienced while in custody, and to the elevated risk of serious illness from COVID-19 should he remain in custody.

If released on house arrest, Mr. Fayne would reside at *** Avenue, Cleveland, Cuyahoga County, Ohio, 44104, where the reported cases of COVID-19 are lower, per capita, than the State average, and where the daily number of new COVID-19 cases is trending downward.

While incarcerated, Mr. Fayne has earned early release credits and has participated in various rehabilitative programming. Under *Pepper v. United States*, 562 U.S. 476 (2011), the Court must also consider "the most up-to-date picture" of the defendant's history and characteristics, which "sheds light on the likelihood that [the defendant] will engage in future criminal conduct." Id. at 492.

Mr. Fayne spent almost two years on pretrial release, without incident, strongly suggesting he would be an excellent candidate for early release to home detention, or to supervised release, and not a threat to the community.

## CONCLUSION

Mr. Fayne has demonstrated extraordinary and compelling reasons for compassionate release, and asks this Court to order him released from BOP custody as soon as practicable, and placed on either house arrest or supervised release.

RESPECTFULLY SUBMITTED this 5th day of October, 2020, by

*MICHAEL J. BRESNEHAN, P.C.*

s/ Michael J. Bresnehan
Attorney for Defendant

# CERTIFICATE OF SERVICE

X I hereby certify that on October 5, 2020, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Honorable David G. Campbell
Magistrate Judge

Abbie Broughton Marsh
U.S. Attorneys Office

X I hereby certify that on October 5, 2020, I served the attached document by Mail on the following, who is not a registered participant of the ECF System:

Arthur DeAngelo Fayne
Defendant

s/ Michael J. Bresnehan